Marcus Sweetser, WSBA# 52895
James R. Sweetser, WSBA #14641
Isaiah Peterson, WSBA #49794
Marshall W. Casey, WSBA #42552
Sweetser Law Office, PLLC
1020 N. Washington
Spokane, WA 99201
Tele: 509-328-0678
Fax: 509-326-2932

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER CANNON and ROBBY CANNON, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; SAUNDRA JACOBS in her capacity as agent of the UNITED STATES OF AMERICA; and SAUNDRA JACOBS and JOHN DOE JACOBS, wife and husband,<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR NEGLIGENCE** |

Come now the above-named Plaintiffs, claim for relief against the Defendants, and allege as follows:

**1.   PARTIES AND JURISDICTION**

1.1. At all times relevant hereto, Plaintiffs JENNIFER CANNON and ROBBY CANNON were wife and husband residing in Spokane County, Washington.

1.2. The UNITED STATES OF AMERICA made itself liable in tort under 28 U.S.C. § 2674.

1.3. The United States Postal Service is a Federal agency of the UNITED STATES OF AMERICA within the meaning of 28 U.S.C. § 2671.

**COMPLAINT FOR NEGLIGENCE -** 1

1.4. Plaintiffs presented claims to the United States Postal Service on December 9, 2019 pursuant to 28 U.S.C. § 2675 and 39 U.S.C. § 409.

1.5. The United States Postal Service acknowledged receipt of Plaintiffs' claims on December 12, 2019.

1.6. The United States Postal Service failed to make final disposition of the Plaintiffs' claims within six months after they were filed.

1.7. The United States Postal Service denied the Plaintiffs' claims.

1.8. On June 15, 2021, the United States Postal Service mailed a denial of the Plaintiffs' claims to the Plaintiffs via certified mail.

1.9. At all times relevant hereto, Defendants SAUNDRA JACOBS and JOHN DOE JACOBS were a married couple residing in Spokane County, Washington.

1.10. The United States District Court for the Eastern District of Washington has jurisdiction over the parties and subject matter of this action.

**2. VENUE**

2.1. The incident giving rise to this action is a motor vehicle collision that occurred at the SR 291 and W. Parkway Road intersection in Spokane County, Washington.

2.2. The United States District Court for the Eastern District of Washington is an appropriate venue for this action.

**3. FACTS**

3.1. On or about May 25, 2019, JENNIFER CANNON was the restrained driver of a 2003 Mazda Tribute (the Tribute).

3.2. JENNIFER CANNON was traveling northbound on SR 291 in Spokane, Washington.

3.3. ROBBY CANNON was a passenger in the Tribute.

3.4. SAUNDRA JACOBS was driving a 1988 Grumman LLV (the Grumman) registered to the United States Postal Service eastbound on W. Parkway Road in Spokane, Washington.

3.5. SAUNDRA JACOBS was acting in her capacity as an agent and employee of the United States Postal Service at the time of the collision.

3.6. Upon information and belief, SAUNDRA JACOBS was driving the United States Postal Service's vehicle with the agency's express or implied consent at the time of the collision.

3.7. Upon information and belief, SAUNDRA JACOBS was not paying attention to what was clearly visible to her.

3.8. SAUNDRA JACOBS failed to yield the right of way.

3.9. SAUNDRA JACOBS drove into the intersection of W. Parkway Road and SR 291.

3.10. SAUNDRA JACOBS collided with JENNIFER CANNON's vehicle.

3.11. The Spokane Police Department investigated the incident.

3.12. SAUNDRA JACOBS was cited for failing to yield the right of way.

3.13. SAUNDRA JACOBS caused JENNIFER CANNON permanent and serious injuries including, but not limited to, fractures in the toes, a sprain in the left foot, pain, difficulty walking, swelling, and tenderness.

**4. NEGLIGENCE INVOLVED**

4.1. The injuries and damages were the direct and proximate result of negligence on the part of the Defendant driver in the following particulars:

  4.1.1. SAUNDRA JACOBS operated a vehicle in such a manner as to endanger or likely to endanger persons or property in violation of RCW § 46.61.525.

  4.1.2. SAUNDRA JACOBS operated a vehicle in wanton disregard for the safety of persons or property in violation of RCW § 46.61.500.

**COMPLAINT FOR NEGLIGENCE -** 3

    4.1.3.  SAUNDRA JACOBS operated a vehicle in willful disregard for the safety of persons or property in violation of RCW § 46.61.500.

    4.1.4.  SAUNDRA JACOBS failed to exercise due care and caution in operating a vehicle.

    4.1.5.  SAUNDRA JACOBS failed to yield the right of way when entering a stop or yield intersection in violation of RCW § 46.61.190.

    4.1.6.  SAUNDRA JACOBS failed to keep a proper lookout for traffic ahead.

4.2. SAUNDRA JACOBS was an employee of the United States Postal Service acting within the scope of her employment at the time of collision.

4.3. The UNITED STATES OF AMERICA is vicariously liable for the actions of SAUNDRA JACOBS.

## 5. INJURIES TO THE PLAINTIFFS

5.1. As a direct and proximate result of the occurrence, the Plaintiffs suffered damages including, but not limited to, past and future pain and suffering, physical injuries, loss of enjoyment of quality of life, loss of consortium, and other damages under the law in an amount to be proven at trial.

## 6. EXPENSES INCURRED

6.1. The Plaintiffs, as a direct and proximate result of the occurrence, have incurred reasonable and necessary expenses, past and future, including expenses for physicians and other medical care as a result of the injuries.

6.2. As a direct and proximate result of the occurrence, JENNIFER CANNON has suffered lost wages, the exact value of which will be determined at trial.

6.3. As a direct and proximate result of the occurrence, the Plaintiffs have suffered expenses and damages for damage to their vehicle, vehicle storage fees, and the loss of use of their vehicle. The exact value of these damages will be determined at trial.

7. **LIMITED WAIVER OF MEDICAL PRIVILEGE**

7.1. Plaintiffs hereby waive the physician-patient privilege ONLY to the extent required by RCW § 5.60.060, as limited by the Plaintiffs' constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

WHEREFORE, Plaintiffs pray for judgment against the Defendants in an amount that will fairly compensate Plaintiffs for all damages sustained, costs and reasonable attorney's fees, interest calculated at the maximum amount allowable by law, and other relief the court deems just.

DATED at Spokane, Washington, this 14<u>th</u> day of July, 2021.

**SWEETSER LAW OFFICE, PLLC**

<u>//S// JAMES R. SWEETSER</u>
JAMES R. SWEETSER, WSBA No. 14641
MARCUS SWEETSER, WSBA No. 52895
ISAIAH T. PETERSON, WSBA No. 49794
MARSHALL W. CASEY, WSBA No. 42552
Attorneys for Plaintiff
1020 N. Washington
Spokane, WA 99201
Tele: 509-328-0678
Fax: 509-326-2932